## CITY OF MIAMI v. ROBBIE, et al.
### Case No. 83-4583
Eleventh Judicial Circuit, Dade County
June 21, 1983 and August 15, 1983

### APPEARANCES OF COUNSEL

**Jose R. Garcia-Pedrosa,** City Attorney and **Gisela Cardonne,** Assistant City Attorney, for plaintiff.

**Sparber, Shevin, Shapo & Heilbronner, Robert L. Shevin, Nancy Schleifer,** and **Brian S. Dervishi,** for defendants.

### OPINION OF THE COURT

### ORDER ON MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF THE AMENDED COMPLAINT

JAMES C. HENDERSON, Circuit Judge.

This cause having come before the Court upon Plaintiff City of Miami's Motion for Final Summary Judgment as to Count I of the Amended Complaint, the Court having reviewed all pleadings, memorandums of law, Affidavits and depositions before it and having heard argument of counsel, it is hereby

ORDERED AND ADJUDGED that Summary Judgment is granted in favor of the Plaintiff, City of Miami, as to liability under Count I of

the Amended Complaint and that Summary Judgment is denied as to damages under Count I of the Amended Complaint.

## ORDER AND FINAL JUDGMENT ENFORCING SETTLEMENT AND DISMISSING ACTION

This cause came before the Court on August 5, 1983 for hearing upon the Defendants' Motion to Enforce Settlement. The Court considered the Motion, Defendants' Exhibits A through H admitted into evidence, the testimony of the Honorable Maurice A. Ferre, Mayor of the City of Miami, the record and the argument of counsel.

The Court having considered the foregoing and being otherwise fully advised, it is hereby

ORDERED AND ADJUDGED:

1. That Defendants' Motion to Enforce Settlement is granted.

2. The issue is not whether the settlement is a good settlement or not a good settlement, but whether there was a settlement and, if so, the terms thereof.

3. The terms of the settlement are consistently encompassed by the transcript of the proceedings before the Miami City Commission on July 18, 1983, at which time the settlement was reached, and Resolution Number 83-625 passed by the Miami City Commission (Defendants' Exhibit D, as supplemented), which properly authorized the settlement of this action.

4. The documents prepared and forwarded to Defendants' counsel by Plaintiff's counsel for purposes of consummation of the settlement, i.e., the Stipulation of Settlement (with proposed Order of Dismissal with respect to same), the Release of Claims to be executed on behalf of the Defendants, the Supplemental Agreement to the June 8, 1977 Agreement and the Release of Claims to be executed on behalf of the City of Miami (Defendants' Exhibits E, F, G and H, respectively, and collectively referred to herein as the "Settlement Documents"), were and are in full conformity with the expressed intent of the parties to the settlement, save and except for the single change proposed by the City of Miami for inclusion in the Supplement Agreement (Defendants' Exhibit G, middle of Page Number 3) to Paragraph 28 of the original June 8, 1977 Agreement, the so-called "Act of God/Public Enemy" clause.

5. Defendants have fully and properly executed each of the Settlement Documents to the extent required to be executed by them, after Defendants properly struck therefrom the change proposed by the City

**95**

of Miami to Paragraph 28 of the June 8, 1977 Agreement as said proposed change was not part of the settlement.

6. There is no material variation in the proposed Settlement Documents which were forwarded to the Defendants by the City of Miami that was not contained in the Resolution and not covered in the meeting of the City Commission on July 18th, except, as noted, the proposed change to the Act of God/Public Enemy clause of the June 8, 1977 Agreement.

7. The Court is not determining, in the event that an act of God or an act of public enemy occurs, how that problem would be decided. If such an event occurs, then that will be adjudicated under the original Agreement of June 8, 1977, which covers it very succinctly in Paragraph 28, as supplemented by the Settlement Documents, exclusive of the proposed change to Paragraph 28. The terms of that original contract in regards to Paragraph 28 were plainly not discussed, and in the event that any other of the terms of the main contract were to be changed beyond those discussed as part of the settlement, the City of Miami should have brought them up and discussed them at the time of the settlement, which it did not do. Otherwise, the Defendants are entitled to rely upon the original contract of June 8, 1977 being enforced, subject only to the modifications thereof by the terms of the settlement where were expressly agreed upon.

8. In summary, the settlement is hereby enforced and adopted by this Court. The Settlement Documents, as executed by Defendants (i.e., exclusive of the proposed change to Paragraph 28 to the June 8, 1977 Agreement, which was properly stricken) constitute the terms of the settlement. The parties are directed to comply with the settlement as enforced herein.

9. The Plaintiff City of Miami is deemed to have signed each of the Settlement Documents required to be signed by it (exclusive of the proposed change to Paragraph 28 of the June 8, 1977 Agreement which was properly stricken), notwithstanding the fact that it has not signed.

10. In accordance with the proposed Order of Dismissal (Defendants' Exhibit E, at pages 3 and 4) contained within the Settlement Documents, it is hereby:

ORDERED AND ADJUDGED that all of the claims and counter-claims and causes of action by all of the parties against each other set forth in this cause, be and the same are hereby dismissed with prejudice as to all parties, all parties to bear their own costs and

attorney's fees, and that this Court will retain jurisdiction solely to enforce the provisions of the settlement set out above.

EDITOR'S NOTE: The trial court's decision was appealed to the Third District Court of Appeal and was reversed and remanded for further proceeding. J. Jorgenson dissenting. 454 So.2d 606 (Fla. 3rd DCA 1984). The trial court's decision was affirmed by the Florida Supreme Court, adopting J. Jorgenson's dissent. See 10 FLW 293, — So.2d — (May 24, 1985)